## STATE SUPREME COURT

(Continued from Page 820)

20044—The Motor Finance Company v. M. H. Huntsberger. Motion for Stark Appeals to certify. Allowed. Dock. 8-4-26, 4 Abs. 542; OS. Pend. 4 Abs. 738.

20086—Realty Holding, Inc. v. State of Ohio ex rel. Charles C. Bell. Motion for Hamilton Appeals to certify. Dismissed, no final order in court of appeals. Dock. 9-4-26, 4 Abs. 623; OS. Pend. 4 Abs. 756.

20106—Halle Bros. Company et al v. Anthony Carlin Company et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 9-29-26, 4 Abs. 670.

20118—Buckeye State Building & Loan Co. v. John A. Ryan. Motion for Clermont Appeals to certify. Overruled. Dock. 10-1-26, 4 Abs. 671.

20142—Walter Wallingford Coal Company v. Buckeye Supply Company. Motion for Mahoning Appeals to certify. Overruled. Dock. 10-28-26, 4 Abs. 742; OS. Pend. 4 Abs. 787.

---

### SEIPLE-WOLFE CO. et v. AYERS & KAPPES

No. 20163. Supreme Court

On motion to certify. Dock. Nov. 9, 1926, 4 Abs. 774.

480. EVIDENCE—Where there is ambiguity in a contract i sit error for a trial court to refuse to admit parol evidence to clear up the ambiguities; and can a trial judge instruct a jury upon the meaning of specific words in a contract?

The Muskingum county commissioners, in 1915, entered into a contract with Ayers & Kappes a partnership, to improve a road within the county. The work was not done according to specifications and the bonding company took over the work and finished it. After completion the bonding company sued and recovered $25,000 from Ayers & Kappes, it being claimed that said amount was the additional cost the bonding company was put to for completion of the contract, according to specifications.

About seven years afterwards Ayers & Kappes brought suit against the Seiple-Wolfe Const. Co. to recover the $25,000, said suit being based upon a contract between the parties herein and the Standard Slag Co. The question raised in the contract was "who was required to make a certain excavation" and the jury found that the Seiple-Wolfe Co. and the Slag Co. were liable to Ayers & Kappes for $25,000. The Court of Appeals affirmed the Muskingum Common Pleas asd Seiple-Wolfe Co. et contend in the Supreme Court:

1. That the contract is ambiguous and that the trial court erred in not admitting parol evidence in order to explain the real intentions of the parties.

2. That the trial court erred in instructing the jury as to the meaning of certain terms in the contract as same was for the jury to determine.

Attorneys—H. Bowres and J. A. White, Columbus, for Seiple-Wolfe et; Wilkin, Fernsell & Fisher, New Philadelphia, for Ayers & Kappes.

Note—This case reported in next Digest.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

85. APPEALS.

Whether or not a case is an action at law or in equity is determinable by the pleadings. Smith, Exr. v. McCartney. OA. 4 Abs. 816.

See 923. Pleadings.

Overruling of a motion to set aside a judgment and decree of foreclosure is not such an order from which an appeal may be taken. American Bank v. Sethman et. OA. 4 Abs. 811.

See 677. Judgments; also 1139. Surety Bonds.

211. CAUSE OF ACTION.

A proposed amended second cause of action admitting that the cause of action accrued in 1912; and which to assert an equitable right, independent of the note given in connection therewith; does not state a legal cause of action and should be refused. Jobes v. Hecker et. OA. 4 Abs. 813.

225. CHARGE TO JURY.

Where after a fire, repairs are being made and during same heavy steel sheets are piled against lockers and said lockers fall over causing injury, is it error for a judge to charge the jury without stating that such condition was of a temporary nature, and that the lockers were safe in themselves? Republic Steel Co. v. Gonzalez. OS. Pend. 4 Abs. 819.

237. CLAIMS.

Can one sued by a receiver of a corporation for money due, set off money owed him by a stockholder of said corporation? Burns, Rec. v. Knight & Kelly. OS. Pend. 4 Abs.

414. DOGS.

1. A dog, killed or wounded while chasing a rabbit, at command and within call of master, is not a trespasser although on another's property.

2. A dog to be a trespasser must be running at large, out of anyones control and without connections physical or sympathetic with its owner. Uebele v. State. OA. 4 Abs. 814.

480. EVIDENCE.

Pictures of the surroundings of an accident offered by plaintiff as an exhibit, are properly withdrawn from consideration of the jury where there are written comments along the margin with reference to said pictures. Colopitro v. Ohio Bell Tel. Co. OA. 4 Abs. 813.

Where no evidence is heard by trial court, and case is not heard upon its merits, a finding, by the court, that plaintiff is in default of the performance of a condition precedent where plaintiff denies such condition in his contract, is erroneous. Gates v. Steiner. OA. 4 Abs. 811.